
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAN GAZZANO, | No. 14-15577 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-05742-PSG |
| v. | |
| STANFORD UNIVERSITY; SEIU HIGHER EDUCATION WORKERS LOCAL 2007, SERVICE EMPLOYEES INTERNATIONAL UNION, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted April 14, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and KOZINSKI, Circuit Judges.

Plaintiff-Appellant Dan Gazzano appeals from the district court's summary

judgment in favor of his former employer, Stanford University, and his Union,

Local Chapter 2007 of the Service Employees International Union Higher

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Education Workers. Stanford terminated Gazzano from his job as a groundskeeper. The termination letter explained that the termination was on account of a long history of inappropriate and harassing comments, including racist, sexist, and homophobic remarks about colleagues.

Although the district court dismissed the breach of contract claim against Stanford on preemption grounds, such a claim may be maintained pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, if the plaintiff is able to show that the union breached its duty of fair representation. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 987 (9th Cir. 2007). The Union, however, investigated Gazzano's grievance, carried it through three steps of the grievance procedures and negotiated a settlement, which Gazzano declined to accept. Relying on counsel's evaluation of the case that the arbitration would be unsuccessful, the Union decided not to proceed to arbitration. In response to the Union's motion for summary judgement, Gazzano abandoned the allegations of his complaint, that the Union had acted out of animus, and attempted to argue a new theory unsupported by the pleadings. Gazzano failed to establish any breach of the Union's duty of fair representation.

Moreover, the record bears out the legitimate, nondiscriminatory reasons Stanford provided in its termination letter. There is no evidence that the reasons

for termination were pretextual or that Stanford treated Gazzano more harshly than it treated other individuals in similar circumstances.

Gazzano's disability discrimination claim fails for the reasons stated by the district court.

The district court did not abuse its discretion in limiting discovery to a period beginning in 2011, corresponding to the time Gazzano's claims arose.

**AFFIRMED**.